SQUIRE PATTON BOGGS (US) LLP
eservicewarrantylaw@squirepb.com
Sean P. Conboy, No. 214487
sean.conboy@squirepb.com
Ashley E. Oaks, No. 285797
ashley.oaks@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone:  +1 213.624.2500
(All e-served materials must be
directed to
eservicewarrantylaw@squirepb.com
in addition to the individual attorney
email addresses listed above)

Attorneys for Defendant
BENTLEY MOTORS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA SON, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>BENTLEY MOTORS, INC.; Does 1 - 50, inclusive,<br><br>    Defendants. | Case No.  2:24-cv-08859<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 USC §1441, 28 USC §1332 (DIVERSITY OF CITIZENSHIP); AND DECLARATION OF ASHLEY E. OAKS**<br><br>[Removed from the Superior Court of the State of California, County of Los Angeles, Case No. 24SMCV04290]<br><br>State Complaint Filed: September 10, 2024<br>Trial Date: Not Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Bentley Motors, Inc. (

("Defendant" or "BMI") hereby removes this case to the United States District

Court for the Central District of California pursuant to 28 U.S.C. §§1441 and 1446

1
NOTICE OF REMOVAL

and based upon diversity of citizenship under 28 U.S.C. § 1332. The basis for removal is as follows:

## **BACKGROUND FACTS**

1.      In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon BMI in this action are attached to the Declaration of Ashley E. Oaks ("Oaks Decl.") as Exhibit A.

2.      On September 10, 2024, Plaintiff Sandra Son ("Plaintiff") commenced this action in the Superior Court of the State of California, County of Los Angeles, entitled *Sandra Son v. Bentley Motors, Inc.,* Case No. 24SMCV04290.  The Complaint alleges Breach of Implied Warranty of Merchantability (First Cause of Action) and Breach of Express Warranty (Second Cause of Action) under the California Song-Beverly Consumer Warranty Act with respect to Plaintiff's 2021 Bentley Bentayga vehicle, VIN: SJAAM2ZV6MC033772. *Declaration of Ashley E. Oaks* ("*Oaks Decl.*"), ¶2, Exh. A: Complaint at ¶8.

3.      On September 13, 2024, BMI was served with Plaintiff's Summons and Complaint. *Oaks Decl.*, ¶3; Exh. A.

4.      On October 14, 2024, BMI filed its Answer to Plaintiff's Complaint in the state court. *Oaks Decl.*, ¶4; Exh. B.

5.      No further proceedings have been had in the state court action.

6.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and it is one which may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1442(b) because Plaintiff and BMI are citizens of different states, BMI is not a citizen of California, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7.      The Superior Court of the State of California for the County of Los Angeles is located in the Central District of California, Western Division. Thus,

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1096434576\1\AMERICAS

1  venue is proper pursuant to 28 U.S.C. § 84 because this is the "district and division

2  within which such action is pending…" *See* 28 U.S.C. §1446, subd. (a).

3  **REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY**

4  **JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

5      **A.**    **There is Complete Diversity Between the Parties**

6      8.    For diversity purposes, a natural person is a "citizen" of the state

7  which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088,

8  1090 (9th Cir. 1983).  A natural person's domicile is the place he or she resides

9  with the intention to remain or to which he or she intends to return. *Kanter v.*

10 *Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001). An existing domicile is

11 presumed to continue. *Bank One, Texas, N.A. v. Montle*, 964 F.3d 281, 288 (3d Cir.

12 2006); *Mitchell v. United States*, 88 U.S. (21 Wall.), 350, 353, 22 L.Ed. 584 (1875)

13 ("[D]omicile, once acquired, is presumed to continue until it is shown to have been

14 changed.")  It is presumed a natural person's residence is also his domicile, and a

15 party resisting this presumption bears the burden of producing contrary evidence.

16 *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); 28 U.S.C. § 1332(a)(1).

17     9.    Plaintiff, at the time this action was commenced, was and still is a

18 citizen and resident of the State of California as established by his Complaint. *See*

19 *Oaks Decl.*, Exh. A: Complaint, ¶1.

20     10.    A "corporation shall be deemed to be a citizen of any State by which it

21 has been incorporated and of the State where it has its principal place of business."

22 28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is "the place

23 where a corporation's officers direct, control, and coordinate the corporation's

24 activities.  It is the place that Courts of Appeals have called the corporation's 'nerve

25 center.'" *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010).

26

27

28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

11.    BMI is a Delaware corporation with its principal place of business in Virginia. *Oaks Decl.,* ¶7. BMI is not, and was not at the time the state court action was commenced, a citizen of the State of California. *Id.*

12.    Complete diversity therefore existed as of the time the action was commenced in state court and exists at the time of removal.  There are no other named defendants that can defeat diversity.  "Doe" defendants may be ignored for removal purposes.  *See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).

**B.    The Amount in Controversy is in Excess of $75,000.00**

13.    Among her other causes of action, Plaintiff is alleging violations of the California Song-Beverly Consumer Warranty Act related to Plaintiff's Bentley Bentayga vehicle, VIN: SJAAM2ZV6MC033772. *Declaration of Ashley E. Oaks* ("*Oaks Decl.*"), ¶2, Exh. A: Complaint at ¶¶8-41.

14.    Plaintiff is seeking in excess of $75,000.00 in monetary damages.  The amount in controversy requirement may be established by showing that such damages are "facially apparent" from Plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount.  *See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

15.    As set forth in Plaintiff's Complaint, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), "purchase price paid for the Vehicle" and "the amount actually paid or payable under the contract." *Oaks Decl.*, Exh. A: Complaint, ¶¶28, 39. Plaintiff further seeks general, special and actual damages, rescission, restitution, incidental and consequential damages, a civil penalty equal to twice the amount of Plaintiff's total damages, along with attorneys' fees and costs of suit and pre-judgment interest. *Oaks Decl.*, Ex. A: Complaint, at Prayer for Relief, ¶¶1-8.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1096434576\1\AMERICAS

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

16.   According to the lease agreement for the subject vehicle, the total payments due under the lease agreement are $148,764.21. *See Oaks Decl.* ¶6, Exh C: Lease Agreement. Further, the lease agreement outlines that the residual value (the amount needed, after the lease payments, to payoff the vehicle) is $97,044.50. *Id*. Thus total monetary damages Plaintiff seeks for damages and restitution alone (excluding the residual value needed to take title to the car, incidental and consequential damages, civil penalty and attorneys' fees and costs of suit) is $148,764.21). When taking the residual value into consideration, total amount is $245,808.71 (again, excluding incidental and consequential damages, civil penalty and attorneys' fees and costs). *Id*., *See Oaks Decl.* ¶2, Ex. A: Complaint, Prayer for Relief, ¶¶ 1-8.

17.   Accordingly, the amount in controversy is in excess of $75,000.00.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAS BEEN SATISFIED

18.   Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure. BMI was served with the Complaint on September 13, 2024. Under 28 U.S.C. § 1446(b)(1), the 30-day removal deadline is October 13, 2024. However, because October 13, 2024 is a Sunday, and October 14, 2024 is a Federal Holiday, pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, the deadline was extended to the following Tuesday, October 15, 2024.

19.   The Superior Court of the State of California for the County of Los Angeles is located in the Central District of California.  Therefore, venue is proper pursuant to 28 U.S.C. § 84 because this is the "district and division within which such action is pending . . ."  28 U.S.C. § 1446(a).

1096434576\1\AMERICAS

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Los Angeles.

21. No previous application has been made for the relief requested herein.

## NO WAIVER OF DEFENSES

22. By filing this Notice of Removal, BMI does not waive, either expressly or impliedly, any defense, affirmative defense, or motion that may be available, or concede that Plaintiff is entitled to any of the damages Plaintiff's claims.

## CONCLUSION

23. Based on the foregoing, the requirements of 28 U.S.C. § 1332 are satisfied, and the Court would have original subject matter jurisdiction over this action if it had originally been brought in Federal Court. Therefore, removal is proper under 28 U.S.C. § 1441(a). BMI therefore respectfully requests that this action now pending against it in the Superior Court of the State of California for the County of Los Angeles be removed to this Court, and that this Court assume complete jurisdiction in this matter.

\*       \*       \*

WHEREFORE, BMI hereby removes the local action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, and respectfully request that further proceedings be conducted in this Court as provided by law.

Dated:  October 15, 2024                    Respectfully submitted,

                                    SQUIRE PATTON BOGGS (US) LLP


                                    By:  /s/ *Ashley E. Oaks*
                                    _____
                                    Sean P. Conboy
                                    Ashley E. Oaks
                                    Attorneys for Defendant
                                    BENTLEY MOTORS, INC.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

7
NOTICE OF REMOVAL

<div style="text-align:left; writing-mode: vertical">SQUIRE PATTON BOGGS (US) LLP<br>555 South Flower Street, 31st Floor<br>Los Angeles, California 90071</div>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF ASHLEY E. OAKS</u>

I, Ashley E. Oaks, declare as follows:

1.    I am an attorney admitted to practice law before all courts in the State of California and the United States District Court, Central District of California, and do so as an attorney of Squire Patton Boggs (US) LLP, attorneys of record for Defendant BENTLEY MOTORS, INC. ("BMI" or "Defendant"). This declaration is offered in support of Defendant's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. §1332.  I have personal knowledge of all the facts set forth herein, and if called upon to do so by the Court, could and would testify competently thereto.  As to those matters stated upon information and belief, I am informed and believe such matters to be true.

2.    On September 13, 2024, BMI was served with Plaintiff's Summons and Complaint.  A true and correct copy of the Summons and Complaint served on BMI is attached hereto as **Exhibit A**.

4.    On October 14, 2024, BMI filed its Answer to the Complaint in the state court.  A true and correct conformed copy of BMI's Answer is attached hereto as **Exhibit B**.

6.    According to the lease contract for the subject vehicle, at the time Plaintiff leased the vehicle, she was a resident of California. A true and correct copy of Plaintiff's Lease Agreement is attached hereto as **Exhibit C**.

7.    BMI is a Delaware corporation with its principal place of business in Virginia. BMI is not, and was not at the time the state court action was commenced, a citizen of the State of California.

8.    Removal is timely pursuant to 28 U.S.C. § 1446(b)(1). BMI was served with the Complaint on September 13, 2024. The 30-day removal deadline is October 13, 2024. However, because October 13, 2024 is a Sunday, and October 14, 2024 is a Federal Holiday, pursuant to Rule 6(a)(1)(C) of the Federal Rules of

1096434576\1\AMERICAS

1    Civil Procedure, the deadline was extended to the following Tuesday, October 15,

2    2024.

3

4       I declare under penalty of perjury under the laws of the United States of

5    America that the foregoing is true and correct.

6       Executed this 15th day of October, 2024 at Los Angeles, California.

7                */s/ Ashley E. Oaks*

8                Ashley E. Oaks

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SQUIRE PATTON BOGGS (US) LLP**
555 South Flower Street, 31st Floor
Los Angeles, California 90071

9

NOTICE OF REMOVAL